# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7458 - 00 C 7459, 00 C 7460 | **DATE** | 9/26/2001 |
| **CASE TITLE** | Credit Insurance etc. et al. Vs. Gerling Global etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Each of the three plaintiffs brought separate lawsuits against the defendants. The defendants removed the cases and plaintiffs have now moved to remand them. We grant all three motions to remand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 27 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 5 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 SEP 26 PM 4: 46 | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice   mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CREDIT INSURANCE CONSULTANTS, )
INC., d/b/a CIC AUTOMOTIVE CORP., )
CONLEY INSURANCE GROUP, and )
AMERICAN FINANCIAL & )
AUTOMOTIVE SERVICES, INC. ) No. 00 C 7458, 00 C 7459 and
) 00 C 7460
          Plaintiffs, ) Judge James B. Moran
)
    v. ) Magistrate Judge Denlow
)
GERLING GLOBAL REINSURANCE, ) SEP 27 2001
CORPORATION OF AMERICA; )
INSURANCE ADMINISTRATION )
SERVICES, INC. and AMERICAN )
NATIONAL PROPERTY AND )
CASUALTY COMPANY, )
)
          Defendants. )

## MEMORANDUM OPINION & ORDER

Each of the three plaintiffs brought separate lawsuits against the defendants. The defendants removed the cases and plaintiffs have now moved to remand them. In the meantime, the two higher numbered cases were transferred to this court and plaintiffs filed a consolidated complaint. Plaintiffs base federal jurisdiction upon diversity of citizenship. Both Credit Insurance Consultants, Inc. ("CIC") and defendant Insurance Administration Services, Inc. ("IAS") are citizens of Illinois for diversity purposes. Originally, CIC made claims against IAS but those claims have been dropped from the consolidated complaint. Even so, an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of (Illinois). ..." 28 U.S.C. §1441. The removal, therefore, is based upon the argument that IAS was fraudulently joined as a defendant to avoid removal.

The plaintiffs market extended warranty programs available to purchasers of automobiles. Gerling Global Reinsurance Corporation of America ("Gerling") has insured the extended warranty programs marketed by plaintiffs. On or about February 28, 2000, IAS became responsible for administering certain extended warranty programs insured by Gerling. According to plaintiffs, Gerling learned that its claims reserves were inadequate and decided to get out of the business. Since premiums for the extended warranty are paid "up front," a withdrawal from the business meant that nothing would be coming in, but claims would have to be paid for several years thereafter. Plaintiffs contend that Gerling caused IAS to be substantially unavailable for the necessary prior approval for the performance of repairs, to wrongfully deny claims submitted after sixty days from the authorization date, to refuse to pay commissions due and payable, and to act wrongfully in other respects. These actions or inactions, they claim, interfered with their business relations with auto dealers.

All three defendants have now moved to dismiss the two interference with business relations counts. The removal rested upon the concept that IAS could not be liable as an agent for a disclosed principal, Gerling. But it is settled law, Merrill Tenant Council v. United States Department of Housing and Urban Development, 638 F.2d 1086, 1095 (7th Cir. 1981), or at least arguable, Lance v. Employee Fire Insurance Co., 66 F. Supp. 2nd 921, 923-24 (C.D. Ill. 1999), that an agent who participates in violating a duty by a disclosed principal can be liable in tort. The defendants implicitly recognize this in their later respective motions to dismiss the interference claims. They do not contend that agents cannot be liable in tort but, rather, that the alleged circumstances do not give rise to such a claim against any of the defendants.

But what if we were carefully to review the motions to dismiss and conclude that the interference claims were not valid? Perhaps we might so conclude, but that is not enough to save jurisdiction. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity." Batoff v. State Farm Insurance, 997 F.2d 848, 853 (3d. Cir. 1992). *See also* Lance, supra, at 923-24. If the state court dismisses the claims, perhaps these cases will return here, but that we leave to another day.

We grant all three motions to remand. We note again that CIC is no longer suing IAS. But it did sue IAS in the removed complaint, and there must be jurisdiction at the time of removal. It is just as well that the CIC case must be remanded, as it would serve no one's interests to have what is essentially one dispute divided between the state and federal courts.

*James B. Moran*
James B. Moran
Senior Judge, U.S. District Court

September 26, 2001